

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-14-00034-CR

_____

DAVID T. MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2006-414,757; Honorable Cecil G. Puryear, Presiding

June 16, 2014

## ABATEMENT AND REMAND

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, David T. Mendoza, was convicted by a jury of two counts of aggravated assault with a deadly weapon[1] and sentenced to twenty years confinement as to each count. Appellant perfected this appeal, and the clerk's record was filed on April 1, 2014. The court reporter filed an extension of time

_____

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). As indicted, an offense under this section is a felony of the second degree.

indicating the original reporter on the case had passed away, and she had been asked to transcribe the record and had just received the audio tapes. An extension was granted to May 12, 2014. A second request for an extension of time was filed, and the deadline was extended to June 12, 2014. On May 15, 2014, three days after filing her second extension request, the reporter filed a letter notifying this Court her "efforts on this transcript have ceased." She explained she was unable to transcribe bench conferences from incomplete notes and also noted the audio cassettes were inaudible. She did, however, feel competent to transcribe the trial sans the bench conferences. By her letter she reported that she had notified the trial court judge and counsel for Appellant and the State. Her letter added that counsel for Appellant was contemplating whether Appellant may be entitled to a new trial.

The second deadline for filing the reporter's record has passed, and there has been no communication with this Court regarding the status of the record from anyone involved with this appeal. Rule 35.3(c) of the Texas Rules of Appellate Procedure provides that trial courts and appellate courts are jointly responsible for ensuring the filing of an appellate record. Tex. R. App. P. 35.3(c). This Court may enter any order necessary to accomplish that goal. *Id.* If, through no fault of the appellant, a reporter's record is lost, destroyed or a "significant portion" of the recordings is inaudible, an appellant is entitled to a new trial, *id.* at 34.6(f)(2), if that portion of the record is necessary to the appeal's resolution and the lost, destroyed or inaudible portion cannot be replaced by agreement of the parties. *Id.* at (f)(3), (4). Consequently, we abate this appeal and remand the case to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to immediately determine the following:

(1) whether any portion of the record from the underlying trial cannot be transcribed;

(2) whether any portion of the record that cannot be transcribed may be replaced by stipulation or agreement of the parties; and, if not

(3) whether that portion of the record that cannot be transcribed or replaced is necessary to disposition of this appeal.

Should the trial court determine that any missing portions of the record can be transcribed or that the parties agree to replace by agreement, that information should be provided to the Clerk of this Court as soon as is practicable. In that event, the reporter's record, as resolved by the trial court, shall be due to be filed in this Court on or before August 4, 2014.

Should the trial court determine that there are any missing portions of the record that cannot be transcribed and the parties cannot agree to replace by agreement, then the trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before August 4, 2014.

It is so ordered.

Per Curiam